(8 Misc. Rep. 491.)

O'SHAUGHNESSY v. WORKING WOMEN'S CO-OPERATIVE ASS'N OF UNITED INS. LEAGUE OF NEW YORK.

(City Court of New York, General Term.   May 18, 1894.)

LIFE INSURANCE—FALSE ANSWERS IN APPLICATION.

Where the insured warrants the truth of the answers in the application, compliance with the warranty is a condition of the contract, and any substantial deviation from the truth is material to the risk, and avoids the policy.

Appeal from trial term.

Action by Catherine O'Shaughnessy against the Working Women's Co-Operative Association of the United Insurance League of New York. There was a judgment in favor of plaintiff, and defendant appeals. Reversed.

Argued before VAN WYCK and McCARTHY, JJ.

W. B. Donihee, for appellant.

William E. Morris, for respondent.

McCARTHY, J. It is a pity that counsel do not prepare their causes better, and thus present more fully at the trial all the facts relating to the case. This would relieve the judges at general term from much uncertainty, and prove more satisfactory to counsel. This case, either through neglect or some other cause, was not properly presented by either side, and thus we are compelled to act on very slight evidence indeed. The plaintiff and defendant having each moved for a direction of a verdict, left the question of fact entirely to the court. We can, then, only review on a question of law.

At folio 39 the defendant offered in evidence, among certain proofs submitted to them by plaintiff in regard to the death of Catherine Clifford, the following affidavit of the plaintiff:

"State of New York, City and County of New York—ss: Catherine O'Shaughnessy, of the city of New York, being duly sworn, says that she resides at 807 1st avenue in the city of New York. That she well knew Catherine Clifford. She was the wife of Patrick Clifford, who died in the city of New York, June 29, 1869. For the last three years of her life, Catherine Clifford lived with me at this number. She died on Monday morning, November 27, 1893, at my residence, in this city. I know Dr. Jos. A. McLoughlin for about 5 years, and knew him when he was a physician attending to Catherine Clifford for rheumatism (inflammatory rheumatism) in 1891 (in the summer of 1891). He made one visit. She had rheumatism in the hands. I don't know her age, only as she states it in her application.

"Catherine   X   Oshaughnessy.
              her
              mark.

"Sworn to before me this 1st day of December, 1893.
                    "Sigmund W. Wolff, Notary Public (202), N. Y. Co."

By Exhibit A—the application which Catherine Clifford signed when seeking this insurance, and which forms a part of the contract of insurance—she represents that she never had any rheumatism, while by the affidavit of plaintiff it appears that Mrs. Clifford had this disease in the summer of 1891. The plaintiff, although in court, was not called to contradict or explain this affidavit. The answer to this question was a material one, and, under the terms of the application and certificate, if false and untrue, rendered the policy null and void. Where the assured in a policy of life insurance warrants the truth of the answers made by her to questions in her application, compliance with such warranty is a condition of the validity of the contract of insurance, and it must be assumed that any substantial deviation from truth in such answers is material to the risk, and renders the policy void. Dwight v. Insurance Co., 103 N. Y. 346, 8 N. E. 654; Armour v. Insurance Co., 90 N. Y. 451, 453.

Other questions were asked:

Q. When last sick?   A. Never.   Q. Of what disease?   A. None:   Q. Name of physician who last attended member proposed, and when?   A. None.   Q. Has member ever had (if so, give particulars) rheumatism?   A. No.

Also twentieth question:

Q. Has applicant withheld any material facts about member proposed?   A. No.

The trial justice, with this evidence before him, erred in directing a verdict for the plaintiff, and therefore judgment must be reversed, and a new trial granted, with costs to abide the event.

The judgment roll which is on file in the clerk's office has been read, examined, and considered as a part of the case on appeal.